IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GEORGE WISE, MATTHEW PEKAR,
UTA MEYER, DAVID MARTINDALE,
and ROBERT WALKER                                                            PLAINTIFFS

V.                                        4:18CV00466 JM

UNITED STATES DEPARTMENT OF
TRANSPORTATION, FEDERAL HIGHWAY
ADMINISTRATION and ARKANSAS DEPARTMENT
OF TRANSPORTATION                                                            DEFENDANTS

## ORDER

Pending are cross motions for summary judgment filed by the Plaintiffs and Defendants U.S. Department of Transportation and the Federal Highway Administration (the "Federal Defendants"). Defendant Arkansas Department of Transportation adopts and joins in the Federal Defendants' motion for summary judgment.

This Court has previously denied the Plaintiffs' motion to enjoin the widening of the Baptist Hospital-University Avenue I-630 road-widening project (the "Project") by the Defendants. The Court found that Plaintiffs failed to show a likelihood of success on the merits of any of their arguments establishing that the Defendants' decision to classify the I-630 project as a Categorical Exclusion was arbitrary, capricious, an abuse of discretion, or otherwise in violation of the law. Plaintiffs appealed this decision to the United States Court of Appeals for the Eighth Circuit. The Court of Appeals affirmed this Court's Order denying the request for preliminary injunction. The parties seek summary judgment of the Plaintiffs' complaint for declaratory and injunctive relief against the Defendants for their alleged failure to comply with the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. §4321, *et seq*. with regard to the Project.

I. Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, [to] point out to the District Court, that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent s burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson*, 477 U.S. at 248.

    II.     Analysis

It is undisputed that the Project is complete and in use. The Defendants argue that the case is now moot. Plaintiffs contend that the case is not moot because the Court can fashion an equitable remedy if the Court finds that the Defendants failed to comply with the requirements of the Federal Highway Administration regulations implementing NEPA regarding the determination to use a Categorical Exclusion in this case.

"Federal courts are courts of limited jurisdiction and can only hear actual 'cases or controversies' as defined under Article III of the Constitution. The 'case or controversy' requirement applies at all stages of review. When a case on appeal no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it." *Neighborhood Transp. Network, Inc. v. Pena*, 42 F3d 1169, 1172 (8th Cir. 1994) (citing *Preiser v. Newkirk*, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975)). "A NEPA claim does not present a controversy when the proposed action has been completed and no effective relief is available." *One Thousand Friends of Iowa v. Mineta*, 364 F.3d 890, 893 (8th Cir. 2004) (citing *Pena*, 42 F3d at 1172 ( (holding that there was no relief available to the plaintiffs when the I–35W high occupancy vehicle lanes were completed while the case was awaiting appeal); *accord Bayou Liberty Ass'n, Inc. v. United States Army Corps of Eng'rs*, 217 F.3d 393, 398 (5th Cir. 2000) ("[B]ecause completion of construction of the retail complex has foreclosed any meaningful relief that would flow from granting [the plaintiff's] original requests for relief this action has become moot."); *Knaust v. City of Kingston*, 157 F.3d 86, 88 (2d Cir. 1998) (dismissing the NEPA claims as moot when the park project was completed and federal monies disbursed because the plaintiff "seeks to enjoin the future occurrence of events that are already in

the past")).

In the Complaint, Plaintiffs seek to enjoin construction on the Project. Construction on the Project is now finished. An order enjoining the Defendants from further construction on the Project would serve no purpose and afford Plaintiffs no relief. As the case no longer presents a live controversy, the case is moot.

The Motion for Summary Judgment filed by the U.S. Department of Transportation and the Federal Highway Administration (ECF No. 71) is GRANTED. The Motion for Summary Judgment filed by the Arkansas Department of Transportation (ECF No. 74) is GRANTED. Plaintiffs' Motion for Summary Judgment (ECF No. 53) is DENIED. The Clerk is directed to close the case.

IT IS SO ORDERED this 27th day of May, 2021.

_____
James M. Moody Jr.
United States District Judge